**UNITED STATES OF AMERICA,**
Appellee,

v.

**RAGHUBIR K. GUPTA, Defendant–Appellant.**

No. 14–4048–cr.

United States Court of Appeals, Second Circuit.

Oct. 14, 2015.

Rither Alabre (Susan C. Wolfe, on the brief), Blank Rome LLP, New York, NY, for Appellant.

Michael Gerber, Assistant United States Attorney (Margaret Garnett, Assistant United States Attorney, on the brief), for Preet Bharara, United States Attorney for the Southern District of New York, New York, NY, for Appellee.

PRESENT: BARRINGTON D. PARKER, GERARD E. LYNCH, and SUSAN L. CARNEY, Circuit Judges.

### SUMMARY ORDER

Raghubir Gupta appeals from a judgment of conviction for causing the false subscription to, and the submission of fraudulent immigration documents, in violation of Title 18, United States Code, Sections 1546(a) and 2(b).[1] We assume the parties' familiarity with the facts and procedural history.

First, Gupta argues that under § 1546(a), the false statement and swearing under oath or penalty of perjury must be "simultaneous." Gupta instructed his clients to write false answers on a questionnaire and sign blank amnesty applications. Using the answers from the questionnaires, Gupta's staff would type up the applications. Gupta would then sign them as the preparer and submit them to the USCIS. Contrary to Gupta's argument that "common sense" requires that the false statement and swearing under oath be simultaneous, one must either swear first and then make the statements, as one typically does when testifying in court, or make the statements first, then swear to their truth, as one typically does when signing a document. The order of swearing and asserting makes no difference.

The fact that the false information was transferred to a form signed and sworn to in advance does not avoid a violation of § 1546(a), where both Gupta and his clients understood that the clients were swearing to the truth of information that all involved knew was false.

Second, Gupta argues that he cannot be held liable as a principal under § 2(b) for the acts of the government's confidential informant, because the informant was acting at the direction of the government, and therefore was not under penalty of perjury when she signed the application form. The argument is without merit. The government informant did sign the form under penalty of perjury; she simply had a defense that she was acting under government direction. Her defense does not avail Gupta. As we have held, "if the defendant willfully caused an act that, had he performed it directly, would be an offense against the United States, he may be prosecuted under § 2(b) *even though the agent who committed the act is innocent or acquitted.*" United States v. Concepcion, 983 F.2d 369, 384 (2d Cir.1992) (emphasis added) (internal quotation marks omitted).

Third, Gupta argues that the district court erred by failing to instruct the jury that to convict him under the "presenting" prong of § 1546(a) (whoever "knowingly presents any such application ... which contains any such false statement"), the jury must find that the false statements were made under penalty of perjury. The argument is unavailing. First, it is foreclosed by United States v. Khalje, 658 F.2d 90 (2d Cir.1981), which holds that the reference to "such false statement" in the "presenting" prong does not incorporate

---

1. Gupta was first tried and convicted in 2008, but this conviction was reversed because of procedural errors not relevant here. *See*

*United States v. Gupta*, 699 F.3d 682 (2d Cir. 2012).

the "penalty of perjury" requirement. Gupta urges us to overrule *Khalje*, but only the Court sitting en banc, or the Supreme Court, may do that. *See United States v. Wilkerson*, 361 F.3d 717, 732 (2d Cir.2004). Second, even if *Khalje* were overruled, Gupta's conviction would still have to be affirmed. The jury returned a special verdict finding Gupta guilty *both* of causing another to make a false statement under penalty of perjury *and* of presenting false statements to the USCIS. Since the former finding is unaffected by Gupta's argument, and since the jury did find that the statements in question were made under penalty of perjury, any error was harmless.

Finally, Gupta's argument that the district court improperly instructed the jury on the "willfully" component of § 2(b) is without merit. He contends that rather than defining willfully as "knowingly and intentionally," the district judge should have instructed the jury that willfully means "with a bad purpose to do something that the law forbids." The argument is foreclosed by our precedent. Although "willfully" sometimes has the meaning Gupta suggests, *see, e.g., Bryan v. United States*, 524 U.S. 184, 118 S.Ct. 1939, 141 L.Ed.2d 197 (1998), the word is notoriously "a word of many meanings," *id.* at 191, 118. S.Ct. 1939. In the context of § 2(b), we have held that in order to establish willfulness, "the government need not prove a knowing violation of the law," and "a defendant with the mental state necessary to violate the underlying section is guilty of violating [§ 2(b)] if he *intentionally* causes another to commit the requisite act." *United States v. Gabriel*, 125 F.3d 89, 101 (2d Cir.1997), abrogated on other grounds by *Arthur Andersen LLP v. United States*, 544 U.S. 696, 705–06, 125 S.Ct. 2129, 161 L.Ed.2d 1008 (2005). The district judge here properly instructed the jury that in order to convict, it had to find

that Gupta acted with the requisite intent to violate the underlying statute, that is, that he knew the statements were false, and that he intended to cause another to commit the requisite act. Joint App'x 103–04.

We have considered Gupta's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.